IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YARLET ARIZON,

      **Plaintiff,**

      v.                                              CASE NO. 24-3146-JWL

FORD COUNTY JAIL, et. al,

      **Defendants.**

MEMORANDUM AND ORDER
TO SHOW CAUSE

Plaintiff Yarlet Arizon is hereby required to show good cause, in writing, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I. Nature of the Matter before the Court

Plaintiff filed this pro se case under 42 U.S.C. § 1983. Although Plaintiff is currently detained at the Finney County Jail in Garden City, Kansas, his claims arose during his detention at the Ford County Jail in Dodge City, Kansas ("FCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. (*See* Doc. 6.)

Plaintiff alleges that his treatment at the FCJ was discriminatory. (Doc. 1, at 6.) Plaintiff states that he is a "foreign national" of Cuban descent. *Id*. He alleges that he repeatedly asked to call the Cuban Consulate and was refused. *Id*. On or about June 28, 2024, he was assaulted by another inmate who poked him with a pencil. Plaintiff states that he "reacted in self defense" and was placed in a holding cell and denied meals for two days by Sergeants Elliot and Kasper. *Id*. He was also mocked by Kasper. *Id*. On July 1, 2024, Plaintiff was put in segregation by Kasper and Corporal Rivero, without his personal hygiene items. *Id*. He spent more than 20 days in

1

segregation. *Id*. He alleges that another inmate constantly kicked his cell door while he tried to sleep, causing him anxiety and panic. *Id*. at 7. Plaintiff claims that the FCJ staff is racist and biased against foreign nationals. *Id*. Plaintiff also mentions, without elaboration, being "falsely accused" and "incarcerated for longer period of time." *Id*. at 5.

Plaintiff names as defendants (fnu) Rivero, Corporal at the FCJ; (fnu) Elliot, Sergeant; (fnu) Kasper, Sergeant; (fnu) Skeen, Captain; (fnu) Padilla, Sergeant; and the Ford County Jail. Plaintiff seeks compensatory damages. *Id*. at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in

a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. Habeas Nature of Claim

To the extent Plaintiff challenges the validity of the charges in his state criminal case and length of his confinement, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim challenging his state prosecution is not cognizable in a § 1983 action. Plaintiff should show good cause why his claims regarding his state charges should not be dismissed as not properly brought

in a § 1983 action.

### B. Conditions of Confinement Claim

Plaintiff also complains of missing meals for two days, being denied personal hygiene items for some amount of time, being mocked by an FCJ staff member, and having his door repeatedly kicked by another inmate.

A prison official violates the Eighth Amendment[1] when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

---

[1] Plaintiff does not indicate whether or not he was a pretrial detainee at the time. Regardless, the Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted).

In addition, the Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (quoting *Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992)). Where "the officers' comments, although inappropriate, do not suggest a show of deadly force," they fail "to create 'terror of instant

6

and unexpected death.'" *Id*.; *see also McBride v. Deer*, 240 F.3d 1287, at 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.") (citation omitted).

Plaintiff's allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff has also failed to allege "deliberate indifference" by any defendant. Plaintiff's claim based on the conditions of his confinement is subject to dismissal for failure to state a claim.

### C. Claim based on Denial of Calls to Consulate

Plaintiff alleges that he repeatedly asked to call the Cuban Consulate and was refused. He asserts that this violated his "human right as a foreign national." (Doc. 1, at 6, 7.)

Article 36(1)(b) of the Vienna Convention states that the authorities of a "receiving state" shall, without delay, inform the consular post of the "sending state" that a national of that state has been arrested or detained, if the detained person so requests. Further, any communication addressed to the consular post by the person detained shall also be forwarded to the consulate without delay. The Tenth Circuit has not decided whether Article 36 of the Vienna Convention gives rise to any individually enforceable rights, only assuming without deciding in an unpublished opinion that it does. *Gandy v. Barber*, 641 F. App'x 835, 838–39 (10th Cir. 2016).

Even if the Court assumes that Plaintiff could enforce the Vienna Convention through this § 1983 action, his allegations do not state a claim. The Convention does not state that a detained foreign national has the right to make phone calls to his country's consulate. Article 36 states only that the consulate must be notified of the detention and that the detained person may send written communication to the consulate. Plaintiff is given an opportunity to show cause why this claim should not be dismissed.

### D. Discrimination Claim

Religious and/or racial discrimination claims are cognizable under the equal protection clause of the Fourteenth Amendment. An equal protection violation occurs when the government treats someone differently than another person who is similarly situated. *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). To state a claim, Plaintiff must show that the defendants treated him less favorably than other inmates solely because of his race or religion. *See Morman v. Campbell County Memorial Hosp.*, 623 F. App'x 927, 934 (10th Cir. 2015) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)). Plaintiff has the burden of showing "the existence of purposeful discrimination," *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987), and that the purposeful discrimination "had a discriminatory effect" on him. *Id.*

Plaintiff's only allegations of discrimination are conclusory. He claims that his "treatment [at the FCJ] has been unjust biast [sic] and discriminatory" and states that he "feel[s] like the staff here is racist and biast [sic] against Foreign Nationals." (Doc. 1, at 6, 7.) These allegations, without any specific factual support, do not state a plausible equal protection claim.

### E. Request for Relief

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff's claim for compensatory damages is subject to dismissal.

### F. Improper Defendant

Plaintiff names the FCJ as a defendant. "To state a claim under § 1983, a plaintiff must

allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Plaintiff's claims against the FCJ are subject to dismissal.

**IV. Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **February 4, 2025,** in which to show good cause why Plaintiff's Complaint should not be dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 7, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**