IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YARLET ARIZON,

    Plaintiff,

    v.                          CASE NO. 24-3146-JWL

FORD COUNTY JAIL, et. al,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is currently detained at the Finney County Jail in Garden City, Kansas, but his claims arose during his detention at the Ford County Jail in Dodge City, Kansas ("FCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. (*See* Doc. 6.) On January 7, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 13) ("MOSC") ordering Plaintiff to show good cause by February 4, 2025, why his Complaint should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's responses (Docs. 14, 15, 16, 17, 18, and 19).

Plaintiff alleges that he was discriminated against at the FCJ, and he complains about the conditions of his confinement. Plaintiff names as defendants (fnu) Rivero, Corporal at the FCJ; (fnu) Elliot, Sergeant; (fnu) Kasper, Sergeant; (fnu) Skeen, Captain; (fnu) Padilla, Sergeant; and the Ford County Jail. Plaintiff seeks compensatory damages.

In the MOSC, the Court found that Plaintiff's claim based on the conditions of his confinement is subject to dismissal for failure to state a claim because he failed to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Court

1

further found that Plaintiff failed to state a claim based on the denial of his request to call the Cuban Consulate and failed to state an equal protection claim because his only allegations of discrimination are conclusory, without any specific factual support. (Doc. 13, at 7-8.) In addition, the Court found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e) because Plaintiff has failed to allege a physical injury. *Id.* at 8.

Plaintiff has filed six (6) responses to the MOSC. Most of the responses are translations of facility grievances written in Spanish. From Plaintiff's responses, it appears that he was held at the FCJ from approximately June 1, 2024 until September 17, 2024. During that time, he submitted at least nineteen (19) grievances, summarized as follows:

6/28/24 – Not given any breakfast, lunch, or dinner.

7/1/24 – Request to talk to the Cuban consulate was denied. Told to contact his lawyer.

7/3/24 – Asked again to talk to Cuban consulate. Asked to be seen by Medical and was told his request was passed on. No one from Medical ever came to see him.

7/8/24 – Asked for his court papers. Day shift said night shift would give them to him but did not. Was told they put his papers with his property.

7/9/24 – Again denied his legal papers that they took when he was put in segregation.

7/14/24 – Been in segregation 14 days and still hasn't gotten his legal papers. Asked to see Medical; Medical did not visit.

7/16/24 – Put in segregation cell with feces and urine on the floor. Not allowed to clean.

7/17/24 – Asked CO Kasper and CO Elliott again for cleaning supplies and was denied. They took 17 pages of proof (grievances) and didn't give them back. Took his pencils, his Bible, and his legal papers.

7/18/24 – Two staff members brought him cleaning supplies.

7/20/24 – CO Estrella took 17 pages from him. Still hasn't received his legal papers back.

7/22/24 –   Still didn't receive any of his property.  Needs a Medical appointment
            and the address to Compass Behavioral Health.  Needs his grievance
            papers.

7/31/24 –   Been in segregation for a month with no response to when he can go
            back to regular pod.

8/1/24 –    Been in segregation for a month and has had good behavior.  Requested
            to go back to regular pod.

8/8/24 –    Been in segregation longer than his 20-day disciplinary sanction and has
            complied with the rules.

8/12/24 –   Turned in a letter to CO Rivera to sign so he can send it to Topeka.  Has
            not received it back.

8/14/24 –   Needs a big envelope to send legal/proof to Topeka for court.  Also
            needs pen/paper and address for the court.

8/15/24 –   Needs a pencil.  Has to ask other inmates to borrow one.

8/31/24 –   Some officer said he was going to give Plaintiff clean clothes but did
            not.

9/17/24 –   Jackson threw his towel and clothes on the floor from where they were
            hanging on the door.

The grievances mention some allegations not included in the Complaint, such as instances of FCJ officers throwing his clothes on floor, being held in segregation beyond his disciplinary sanction, and being denied access to "legal papers" while in segregation.  However, even considering the additional allegations, Plaintiff has not alleged facts showing he was "incarcerated under conditions posing a substantial risk of serious harm" as required to state an actionable conditions of confinement claim.  *See Farmer*, 511 U.S. at 834.

Plaintiff's allegations also do not make out a denial of access to the courts claim.  To state a denial of access claim, the plaintiff must demonstrate that the act of which he complains actually "hindered his efforts to pursue a legal claim" in court and thus caused him "actual injury." *Lewis v. Casey,* 518 U.S. 343, 348, 350 (1996). Plaintiff has not alleged any actual prejudice to contemplated or existing litigation, such as the inability to meet a particular filing deadline or that

a non-frivolous legal claim has otherwise been dismissed, frustrated, or impeded.  *Id.* at 350, 353.
Thus, he has not alleged facts showing this essential element of a denial of access claim.

In addition, Plaintiff's allegations of being held in segregation for a week or so beyond a
disciplinary sanction do not amount to a constitutional violation.  It is correct that the Fourteenth
Amendment "prohibits *any* punishment" of a pretrial detainee, but the prohibition applies only
where that punishment occurs without due process.  *Blackmon v. Sutton*, 734 F.3d 1237, 1241
(10th Cir. 2013); 16C C.J.S. Constitutional Law § 1631 ("Because pretrial detainees have liberty
interest in being free from punishment prior to conviction under Due Process Clause, a pretrial
detainee is entitled to a due process hearing before prison officials may impose restraints on the
detainee's liberty for disciplinary reasons.").  Thus, placing a pretrial detainee in disciplinary
segregation "*without giving him an opportunity to be heard*" is a due process violation.  *Hubbard
v. Nestor*, 830 F. App'x 574, 583 (10th Cir. 2020) (emphasis added).

Even if Plaintiff did not receive a hearing before being placed in disciplinary segregation,
no process was required if he was placed in segregation not as punishment but for virtually any
reason connected to effective prison management.  *See Blackmon*, 734 F.3d at 1241. The
determination of whether a condition of pretrial detention amounts to punishment turns on whether
the condition is imposed for the purpose of punishment or whether it is incident to some other
legitimate government purpose.  *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1106 (10th
Cir. 2005).  Restraints that "are reasonably related to the institution's interest in maintaining jail
security do not, without more, constitute unconstitutional punishment, even if they are
discomforting."  *Bell v. Wolfish,* 441 U.S. 520, 540 (1979).  Obviously, "ensuring security and
order at the institution is a permissible nonpunitive objective, whether the facility houses pretrial
detainees, convicted inmates, or both."  *Id.* at 561.  Thus, "no process is required if [a pretrial

detainee] is placed in segregation not as punishment but for managerial reasons." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). Plaintiff states in the Complaint that he was placed in segregation after he was attacked by another inmate and defended himself. There is no indication that his placement and retention in segregation was not made in the interests of maintaining order at the FCJ.

Plaintiff's responses to the MOSC also do not provide additional support for his equal protection or consulate contact claim, and they do not address the § 1997e(e) bar on compensatory damages.

Plaintiff does mention needing correspondence from the Court to be in Spanish or needing an interpreter. There is no federal rule or statute requiring a court to appoint an interpreter for a pro se litigant in a civil case not brought by the United States. *Echon v. Sackett*, No. 14-CV-03420-PAB-NYW, 2018 WL 684758, at *1 (D. Colo. Feb. 2, 2018) (citing *see, e.g.*, *Gonzalez v. Bopari*, 2012 WL 6569776, at *1 (E.D. Cal. Dec. 17, 2012) (denying pro se litigant's request for interpreter in civil rights action); *Herrera v. Zavares*, No. 09–cv–01229–MSK–KLM, 2010 WL 3853312, at *13 (D. Colo. Sept. 28, 2010) (noting that "there is no statutory obligation for the Court to supply an interpreter to a civil litigant" and that the decision to do so is "confined to the sound discretion of the Court"); *see also* 28 U.S.C. § 1827(b) (providing that the "Director [of the Administrative Office of the United States Courts] shall prescribe... persons who may serve as certified interpreters... for...persons who speak only or primarily a language other than the English language, in judicial proceedings *instituted by the United States*" (emphasis added); Fed. R. Civ. P. 43(d) (providing that "court *may* appoint an interpreter of its choosing" (emphasis added)); 5 Guide to Judiciary Policy § 260 (2017) ("Interpreter services needed to assist parties to civil proceedings not instituted by the United States... are the responsibility of the parties to the

action....")).  Because this is a case brought by Plaintiff and not an action filed by the United States, Plaintiff has no right to a court-provided interpreter or translation services.  Moreover, it appears from Plaintiff's numerous filings that he has found someone to assist him, and he is able to understand the status of the case and respond to the Court.

Plaintiff has failed to show good cause why his Complaint should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

**Dated February 11, 2025, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**